T.C. Summary Opinion 2001-20


UNITED STATES TAX COURT


JASMEEN AKHTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10910-99S.          Filed February 28, 2001.


Jasmeen Akhter, pro se.

<u>Joan Casali</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Subsequent section references are to the Internal Revenue Code in effect for the years in

issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $1,811, $2,214, and $2,272 and accuracy-related penalties of $362, $443, and $454 for the taxable years 1995, 1996, and 1997, respectively.

The issues for decision are, with respect to each year in issue: (1) Whether petitioner is entitled to an earned income credit; (2) whether petitioner is entitled to a dependent exemption deduction; (3) whether petitioner is entitled to head of household filing status; and (4) whether petitioner is liable for an accuracy-related penalty for negligence or disregard of rules or regulations under section 6662(a). Because of our finding with respect to the first issue, the second and third issues are moot.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Brooklyn, New York, on the date the petition was filed in this case.

Petitioner was married in Bangladesh in March 1995, and her son was born on December 3, 1995. Petitioner subsequently separated from her husband in 1997 and received a divorce in June

1998. Petitioner's husband resided in Bangladesh during their entire marriage.

During the years in issue, petitioner lived in a second floor, two bedroom apartment with a monthly rent of $700. She resided with her son, father, sister, two or three brothers, and during 1995, her mother. Her father and brothers were all employed outside the home. All the members of the household would pool their money together, and petitioner would receive an allowance from her father.

Petitioner reported the following tax liability for each of the following years:

|                     | 1995  | 1996  | 1997  |
|---------------------|-------|-------|-------|
| Income tax          | -0-   | -0-   | -0-   |
| Self-employment tax | $809  | $958  | $991  |
| Earned income credit| 1,811 | 2,152 | 2,210 |
| Refund              | 1,002 | 1,194 | 1,218 |

Respondent determined that petitioner was liable for deficiencies of $1,811, $2,214, and $2,272 for each respective year. In making this determination, for each year in issue respondent changed petitioner's filing status from head of household to married filing separately, disallowed the dependent exemption deduction claimed for petitioner's son, and disallowed the claimed earned income credit. Respondent did not make significant adjustments to the self-employment income tax liability reported on the returns. Finally, respondent determined that petitioner was liable for accuracy-related

penalties for negligence for an underpayment equal to the entire amount of the deficiency for each year in issue.

The first issue for decision is whether petitioner is entitled to earned income credits. An earned income credit is allowed to an eligible taxpayer under section 32(a) in an amount based upon a percentage of the taxpayer's earned income. Earned income is defined under section 32(c)(2) to include the amount of the taxpayer's net earnings from self-employment.

Respondent argues that petitioner is not entitled to the earned income credit for a number of reasons. One reason, the only one we need discuss, is that petitioner had no earned income during the years in issue.[1] We agree with respondent. Petitioner testified that during the years in issue, she and her sister were tailors, performing work in their house. On petitioner's tax returns for the years in issue, she reported $5,723, $6,783, and $7,016 in income on Schedules C-EZ, Net Profit From Business. No business expenses were claimed as deductions in any year. No business name or other information was provided for any of the years, aside from the notation "self employed" as a description of the principal business. In 1995 and 1996, the "principal business code" was not provided on the form. In 1997, however, petitioner reported the code as "2659".

---

[1]Respondent argues in his memorandum filed at trial that the only evidence shown to respondent that petitioner earned income was a picture of petitioner at a sewing machine.

We take judicial notice of the 1997 instructions for completing this form available from respondent.  According to these instructions, this code falls under the major category "Trade, Wholesale--Selling Goods to Other Businesses, etc.", the heading "Nondurable Goods, Including Food, Fiber, Chemicals, etc.", and the listing "Selling for your own account."  This is not the type of business in which petitioner testified she was engaged during each year in issue, that of a tailor operating out of her home.  Furthermore, there is nothing in the record, other than petitioner's own scant testimony, to support a finding that petitioner earned income in any amount.  We therefore agree with respondent and find that petitioner had no earned income in any of the years in issue.  It further appears from this record that petitioner reported income for each of the years in issue in order to claim the earned income credit, and we so find.

The second and third issues for decision are whether petitioner is entitled to dependent exemption deductions and whether petitioner is entitled to head of household filing status.  Petitioner did not report any income on her returns other than the self-employment income we have found that she did not earn.  Respondent does not argue that petitioner had any other, unreported sources of income.  Without income, petitioner cannot be liable for Federal income taxes, and the issues of deductions and filing status are consequently moot.  Accordingly,

the deficiencies determined by respondent must be reduced by the appropriate amounts in the Rule 155 computations required in this case.[2]

The final issue for decision is whether petitioner is liable for accuracy-related penalties for negligence under section 6662(a).  Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations.  An underpayment is defined as follows:

> SEC. 6664(a)  Underpayment.--For purposes of this part, the term "underpayment" means the amount by which any tax imposed by this title exceeds the excess of--
>
> (1) the sum of--
>
> (A) the amount shown as the tax by the taxpayer on his return, plus
>
> (B) amounts not so shown previously assessed (or collected without assessment), over
>
> (2) the amount of rebates made.
>
> For purposes of paragraph (2), the term "rebate" means so much of an abatement, credit, refund, or other repayment, as was made on the ground that tax imposed was less than the excess of the amount specified in paragraph (1) over the rebates previously made.

---

[2]The deficiencies must be reduced to reflect our holding that respondent was in error in (1) his increases to petitioner's income tax in 1996 and 1997 due to the change of filing status and disallowance of deductions, and (2) his failure to subtract the amounts of self-employment income taxes from the deficiencies in 1995, 1996, and 1997.

Nothing in the record indicates that any amounts were previously assessed or collected, or that any rebates were made to petitioner. Therefore, there can be no underpayments in this case because for each year in issue the tax imposed by the Internal Revenue Code was zero and did not exceed the amount of tax shown on the return.[3] We therefore hold that petitioner is not liable for the accuracy-related penalties determined by respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[3]Compare the definition of an underpayment in sec. 6664(a) with the definition of a deficiency in sec. 6211(a). While the definitions are substantially similar, the latter--in contrast to the former--treats the excess of the earned income credit claimed (or allowed) over the tax shown (or imposed) as a negative amount of tax. See sec. 6211(b)(4).